United States District Court
Southern District of Texas
**ENTERED**
December 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| WILLIAM ISAAC HOFF, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 7:16-CV-533 |
| VS. | § | |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner William Isaac Hoff, a state prisoner proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1.)  In 2014, Petitioner was convicted on the state felony charge of taking a weapon from a peace officer and sentenced to a ten-year prison term in the Institutional Division of the Texas Department of Criminal Justice (TDCJ).  In seeking federal habeas relief, Petitioner does not challenge his conviction or sentence, but rather his claims all address a 2016 prison disciplinary proceeding in which he was found to have violated a prison rule and was punished with a 20-day loss of commissary privileges.

Petitioner asserts four claims, three of which raise challenges to his prison disciplinary proceedings.  His fourth claim asserts that he is actually innocent of the underlying prison rule violation.  Pending before the District Court is Respondent's Motion for Summary Judgment. (Docket No. 7.)  Respondent's principal argument is that the petition should be dismissed because Petitioner's first three claims are "unexhausted and procedurally barred."  (*Id.* at 1, 8-13.)  Petitioner filed a response to the motion arguing that his "remedies were in fact exhausted at the state level."  (Docket No. 9, at 4.)

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that Petitioner has failed to exhaust his state court remedies as to three of his claims and that this action is thus not properly before the Court. Although Petitioner invoked the prison grievance procedure to contest a finding that he violated prison rules, three of his claims challenge the grievance proceeding itself, rather than the underlying violations that were the subject of those proceedings. These claims are being asserted for the first time in the instant federal habeas petition. In any event, these claims lack merit, as does Petitioner's actual innocence claim. Accordingly, for the reasons discussed further below, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed.

## I. BACKGROUND

In September 2013, Petitioner was tried by a jury in Victoria County, Texas. The jury found Petitioner guilty of taking a weapon from a peace officer, and he was sentenced to ten (10) years' confinement. (Docket No. 7-1, at 2.) On May 5, 2016, while serving his sentence at the Segovia Unit in Edinburg, Texas, a guard found Petitioner in his prison cell with "three books, one folder, and writing materials stored in a manner that is not authorized"; specifically, Petitioner had them "stored under his mattress." (Docket No. 8-2, at 5.) Petitioner was ordered to store these personal items in his locker, but he "failed to obey the order." (*Id.*) After a disciplinary hearing was held regarding the violations, Petitioner was found not guilty on the charge of refusing to obey orders. (Docket No. 8-2, at 4.) However, he was found guilty on the charge of unauthorized storage of property and as punishment received a loss of commissary privileges for 20 days. (*Id.*)

Petitioner then filed a Step One grievance challenging the finding of guilt.  He argued, in essence, that he was innocent of the charge of unauthorized storage of property, and he requested that the offense be removed from his records.  (Docket No. 8-1, at 3-4.)  Assistant Warden F. Gonzalez denied Petitioner's Step One grievance, finding that the "guilty verdict is supported by a preponderance of the evidence."  (*Id.* at 4.)  Petitioner then filed a Step Two grievance arguing again that he was innocent of the charge of unauthorized storage of property.  (*Id.* at 5.)  As a result of his Step Two grievance, "M. Blalock" found that the "element of the [charge of unauthorized storage of property] was not met."  (*Id.* at 6.)  M. Blalock further modified the charge "to the more appropriate, lesser-included charge, code 24.0, refusing to obey orders." (*Id.*)  Petitioner's punishment of a 20-day loss of commissary privileges was not altered.

On August 1, 2016, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the prison disciplinary proceedings.  (Docket No. 1.) In his petition, Petitioner asserts the following three claims attacking Step Two of the grievance process: 1) that finding him guilty at Step Two of a lesser-included charge was a constitutional double jeopardy violation; 2) that his due process rights were violated during Step Two of the disciplinary proceedings; and 3) that M. Blalock abused his discretion at Step Two of the disciplinary proceeding.  (Docket No. 1, ¶ 20 (Grounds One through Three).)  Petitioner also claims that he is actually innocent of the charge.  (*Id.* at ¶ 20 (Ground Four).)  Petitioner seeks to have the result of the disciplinary proceeding removed from his prison record.

Respondent filed a motion for summary judgment, based principally on the argument that Petitioner's "claims are partially unexhausted and procedurally barred."  (*Id.* at 1, 8-13.)  In Petitioner's rebuttal to Respondent's summary judgment motion, he contends that because he filed both a Step One and Step Two grievance, his "remedies were in fact exhausted at the state

level." (Docket No. 9, at 4.)   Without citing to any authority, Petitioner also asserts that "decisions made on a Step [Two] are not appealable via the inmate grievance procedure" and "any attempt to refile a grievance in reference to that case number would be returned unfiled for redundancy." (*Id.*)

## II. ANALYSIS

### A.   Failure to Exhaust Remedies

Respondent argues that Petitioner "has not properly exhausted his administrative remedies with respect to claims 1,2, and 3 because he did not present the claims in a procedurally correct manner through both steps of the grievance process." (Docket No. 7, at 9-10.) Respondent further contends that such claims are also procedurally barred because it would now be futile for Petitioner to raise the claims since any new grievance would be untimely. (*Id.* at 10 & n.10 (citing TDCJ offender handbook).)   Petitioner has not, according to Respondent, demonstrated cause and prejudice to overcome the default. (*Id.* at 11.)

Section 2254(b)(1)(A) provides that an application for writ of habeas corpus "shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."   Section 2254(c) further explains:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

As the Supreme Court has noted, this exhaustion requirement gives "the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Under § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain

federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  Consistent with this, the Fifth Circuit has held that Texas prisoners must exhaust the TDCJ grievance process before seeking federal habeas corpus review of disciplinary matters. *See Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (citing *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980) ("[A] federal court may not grant habeas corpus relief to a petitioner who has failed to exhaust all administrative remedies, including an appeal to the Director of Corrections."); *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978) (holding that a Texas prisoner who had not exhausted "his clearly available administrative remedies" was properly denied habeas relief in the district court)).  To exhaust TDCJ's two-step grievance procedure, a prisoner must raise the relevant issues in both Step One and Step Two of the grievance process. *See Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir. 2004) ("[t]his court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted") (citing *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001)).

Here, the only claim that Petitioner asserted during Step One and Step Two of the grievance process was that he was innocent and did not violate any prison rules.  Stated another way, Petitioner's first three claims in his federal habeas petition were not raised at either level of the grievance process.  As such, these claims are unexhausted.

To be sure, there are exceptions to the exhaustion requirement.  "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).  "However, exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and

[Petitioner] bears the burden of demonstrating the futility of administrative review." *Fuller*, 11 F.3d at 62 (citing *Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir.1992)).

In this case, Petitioner has failed to meet his burden to establish that the administrative remedies either are "unavailable or wholly inappropriate" or that any attempt to exhaust those remedies would be "patently futile." Petitioner merely asserts—without authority—that he was unable to bring his claims in a Step One grievance because they allege errors that occurred during his Step Two grievance. (Docket No. 9, at 4.) He further alleges that had he brought his claims in a Step One grievance, they would have been dismissed for "redundancy." (*Id.*)

Petitioner's conclusory assertions do not amount to "extraordinary circumstances" and fail to meet his burden to demonstrate "the futility of administrative review." *Fuller*, 11 F.3d at 62; *see also United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). Petitioner failed to give the TDCJ notice of his claims and further failed to give the TDCJ an opportunity to resolve the issues he now raises for the first time in federal court. *Rosa v. Littles*, 336 F. App'x 424, 429 (5th Cir. 2009) ("[T]he purpose of the exhaustion requirement [is to give] TDCJ notice and an opportunity to resolve internal problems.").

Because Petitioner failed to raise his first three claims through the prison grievance procedure, they are unexhausted and relief may not be granted as to those claims. 28 U.S.C. § 2254(b)(1); *see Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002) (holding that the petitioner's claims challenging a decision by a prison disciplinary panel were unexhausted and procedurally barred where he failed to present those claims in his administrative appeal of the decision). Alternatively, these claims also lack merit, as discussed below. *See* 28 U.S.C. §

2254(b)(2) (a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust" state remedies).

**B.      Challenges to the Grievance Proceedings**

Petitioner's first three claims are all based on the assumption that he was entitled to Fourteenth Amendment due process rights in connection with his prison disciplinary proceeding. This assumption is misplaced.

"The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty ... interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997). A prisoner who claims that a punishment or other condition of confinement rises to the level of a protected liberty interest must demonstrate that the condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Petitioner's punishment in this case was loss of commissary privileges for 20 days.  In Texas, prisoners do not have a protected liberty interest in commissary privileges.   *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (holding that commissary and cell restrictions do not implicate due process concerns).  Because the punishment received by Petitioner does not rise to the level of a protected liberty interest, he was not entitled to due process protections in challenging the result of his disciplinary hearing.[1]   His claims here thus do not implicate a constitutional right and provide no basis for federal habeas relief.

---

[1]  It should be noted, however, that Petitioner was in fact afforded due process rights during the grievance proceedings.   Where a liberty interest is implicated by a prison disciplinary proceeding, a prisoner has the following due process rights: (1) written notice of the charges brought against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action; and (3) the opportunity to call witnesses and present documentary evidence in his defense.  *Wolff v. McDonnell*, 418 U.S.

There is likewise no merit to Petitioner's claim that the decision on his Step Two grievance violated the Double Jeopardy Clause.  As Respondent points out, the Double Jeopardy Clause does not apply here because "prison disciplinary proceedings are not part of a criminal prosecution."  (Docket No. 7 at 13 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)).  As the Fifth Circuit has recognized, "[t]he risk against which double jeopardy protects is not present in proceedings that are not 'essentially criminal.'"  *Showery v. Samaniego*, 814 F.2d 200, 202 (5th Cir. 1987) (citation omitted).

Because Petitioner cannot show any due process or double jeopardy violation in connection with his disciplinary hearing or grievance proceedings, his first three claims all lack merit.

**B.      Actual Innocence Claim**

Petitioner's fourth, and final, claim is that he is actually innocent of the charge of failing to follow an order.  (Docket No. 1, ¶ 20 (Ground Four).)  Petitioner argues that because his property was not "improperly stored," the order given to him to store it in its proper place was invalid, and thus, he was not obligated to follow the order.  (*Id.*)  Petitioner did raise an actual innocence claim in both his Step One and Step Two grievances.  (Docket No. 8-1, at 3-6.)  Although this claim is not unexhausted, it is meritless, if not frivolous.

To begin with, the Fifth Circuit has held that a standalone claim of actual innocence is not cognizable on federal habeas review.[2]  *See Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006).  Petitioner's actual innocence claim thus provides no basis for relief.

---

539, 563-66 (1974).  The record here shows that Petitioner received the benefit of all of these due process rights during the grievance proceedings.

[2]  As the Fifth Circuit explained in *Foster*, a showing of actual innocence allows a prisoner "to raise an otherwise procedurally barred habeas claim."  466 F.3d at 367.  While a showing of actual innocence may provide a gateway to allow consideration of procedurally barred claims,

Liberally construed, Petitioner's actual innocence claim could be interpreted as a claim that the evidence was insufficient to support the disciplinary conviction.  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001).  "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 252 F.3d 534, 537 (5th Cir. 2001).  In addition, the information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–537.

Here, the finding that Petitioner failed to comply with an order is supported by the incident report.  According to the offense report, "Officer T. Hernandez" noticed that Petitioner had some property "improperly stored under his mattress" while he was laying on it asleep. (Docket No. 8-2, at 5.)  Petitioner was ordered several times to store the property in his "locker box" while he was sleeping or when he was not using it.  (*Id.*)  Petitioner failed to follow the order.  (*Id.*)  Because there is "some evidence" to support the finding that Petitioner failed to obey an order, his actual innocence claim is baseless.[3]

---

"actual-innocence is *not* an independently cognizable federal-habeas claim." *Id.* (emphasis in original).  The Fifth Circuit subsequently re-affirmed this distinction, applying it in the context of motions to vacate filed by federal prisoners pursuant to 28 U.S.C. § 2255.  *United States v. Scruggs*, No. 11-60564, 2012 WL 3517367, at *9 (5th Cir. Aug. 17, 2013) ("'Actual innocence' is not a free-standing ground for relief." (citing *Foster*, 466 F.3d at 367)).

[3]  Petitioner does not deny that he failed to follow the officer's order to store his property in his locker box.  Rather, Petitioner attempts to justify his refusal by asserting that the order was not "legitimate," based on his belief that the property was not improperly stored.  This is nonsense. Petitioner could have submitted a grievance challenging the officer's order. But, as a convicted felon, Petitioner does not have the right to disobey orders based on his interpretation of prison rules.

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 7) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED.  For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS.  Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding).  An applicant may also satisfy this standard by showing that "jurists could conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds and on their merits. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's first three claims alleging errors at Step Two should be dismissed because he failed to exhaust his state court remedies and because they lack merit. In addition, as to Petitioner's actual innocence claim, the undersigned believes that reasonable jurists would not find the District Court's assessment of the claim debatable or wrong, nor would they conclude that the issue presented is adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a COA.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on December 22, 2017.

_____
Peter E. Ormsby
United States Magistrate Judge